UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

D. SIDNEY POTTER,

                Plaintiff,

v.

SUNTRUST BANK, *et al.*,

                Defendants.

Action No. 3:14-CV-436

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Partial Motions to Dismiss filed by Randstad US, L.P.S. ("Randstad") (ECF. No. 25) and SunTrust Mortgage Inc. ("SunTrust"), Reginald Ford, Linda Galipeau, Julie Hardy, Christine Miles, William Rogers, Margaret Slaughter, and Charmaine Surgeon ("individual defendants") (ECF. No. 10) and a Motion for Sanctions filed by D. Sidney Potter (ECF. No. 18). For the reasons below, the Court hereby GRANTS both Partial Motions to Dismiss (ECF. Nos. 10, 25) and DENIES Potter's Motion for Sanctions (ECF. No. 18).

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2013, Plaintiff D. Sidney Potter ("Potter"), who is white, was hired for a 1-year contract as a mortgage operations consultant. Compl. at 6.[1] Randstad hired Potter to perform work, on temporary assignment, for SunTrust Mortgage, Inc. ("SunTrust"). *Id.* According to Potter, while he was at work, "there was a persistent dialogue amongst the Nigerians who spoke in their foreign tongue." *Id.* at 7. Potter was distracted by these conversations since, in his view, "any language (i.e., French, German, Spanish), when spoken in the workplace [is] permissible, so long as it effectuate[s] the completion of work product." *Id.* Potter, who was sitting "directly next to two of the Nigerians, asked out of common respect if the persistent native conversations could be toned down, since the language acted as a distraction in

---

[1] The Court cites to page numbers of the Complaint because the paragraphs of the Complaint are unnumbered.

completing the client workload." *Id.* This request resulted in a heated altercation. *Id.* Potter's temporary assignment was terminated on September 26, 2013.[2] *Id.* at 9-10.

On March 24, 2014, Potter filed identical administrative charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the individual defendants and SunTrust, as well as Randstad, alleging that the termination of his temporary assignment with SunTrust resulted from reverse race discrimination. *Id.* at 11. Potter's charge, which is referenced in his Complaint, pertained only to alleged race discrimination. Specifically, the box entitled, "Race" was marked on the charge form but the "Retaliation" box was not. *See id.* at 12; Defs.' Memorandum of Law in Support of Their Partial Motion to Dismiss Plaintiff's Complaint ("Defs.' Mem.") Ex. A. Potter provided a narrative in the EEOC charge form, which stated as follows:

> On July 1, 2013, I was hired on a 1-year contract as a mortgage operations consultant. The basis of my termination was considered politically incorrect to ask someone to speak English. More specifically, I politely asked three other consultants that were seated right next to me too kindly converse in English (as much as possible). This was the third request in a four-week period. The country of origin for the three consultants is Nigeria, and the other consultants in the small workroom are approximately 90% Afro-American, of the 18 consultants on the work team. As a consultant of Caucasian ancestry, one of the Nigerians' response during this last incident was aggressive, direct and violent. At the height of this 2 to 3 minute verbal altercation, one of the other consultants got up to physically restrain this particular Nigerian. I was seated at a workstation during the entire exchange. He then made a physical threat. Approximately 45 minutes later the room was emptied out and I was "silently/forcefully" extricated from the room. Security and two other people had entered the room; wherein, I was promptly asked for my badge. I silently got up and placed the badge down on the desk as I exited the room and left the building by the stairwell from the third floor.

(Defs.' Mem. Ex. A). On April 14, 2014, the EEOC dismissed Potter's charge upon a finding of no cause. Compl. at Ex. 1.

On June 17, 2014, proceeding *pro se*, Potter filed a Complaint in this Court against SunTrust, Randstad, and the individual defendants. The Complaint alleges violations of the Civil Rights Act of 1964 under 42 U.S.C. § 2000 et seq. ("Title VII"). Compl. 14-28. These

---

[2] Potter alleges that his assignment terminated on September 26, 2014, but this is a typographical error.

2

allegations arise from alleged racial discrimination and retaliatory acts that he encountered at his previous jobs at SunTrust and Randstad. Potter asserts two causes of action in his Complaint: (1) Count One contains a cause of action for discrimination under Title VII and (2) Count Two contains a cause of action for retaliation under Title VII.

On July 31, 2014, the individual defendants and SunTrust filed a motion to dismiss Potter's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. SunTrust moved to dismiss Count Two of Potter's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure. The individual defendants moved to dismiss the Complaint in its entirety against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On August 5, 2014, Potter filed his opposition. ECF. No. 17. Potter additionally filed a motion for sanctions on August 5, 2014, which is literally the same language that his opposition contains. *See* ECF. No. 18. The individual defendants and SunTrust filed their reply on August 11, 2014. Subsequently, on August 14, 2014, Randstad also filed a motion to dismiss Potter's Complaint pursuant to Rule 12(b)(1). Potter did not respond.

## II.   LEGAL STANDARD

### A. *Rule 12(b)(1)*

Federal Rule of Civil Procedure 12 allows for a number of defenses to be raised to a complaint at the pleading stage. Among these are the defenses that a Court lacks subject matter jurisdiction over the case, *see* Fed. R. Civ. P. 12(b)(1), and that the pleadings fail to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). Once subject matter jurisdiction has been challenged, it is the plaintiff's "burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

When considering a Rule 12(b)(1) motion to dismiss, unlike a motion to dismiss pursuant to Rule 12(b)(6), "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Government of Indonesia*, 370 F.3d 392, 398 (4th

Cir.2004) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). Therefore, this Court may weigh the evidence and resolve factual disputes regarding jurisdiction by considering evidence outside the Complaint. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995). Even though such a Rule 12(b)(1) motion to dismiss is not converted into a motion for summary judgment, district courts "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768. Only when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law" should the Court grant the motion. *Id.*

  B. *Rule 12(b)(6)*

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

Pursuant to Rule 12(d), if matters outside the pleadings are submitted in conjunction with, or in opposition to, a 12(b)(6) motion, the court must either exclude such materials from consideration or convert the motion into a motion for summary judgment. Fed. R. Civ .P. 12(d). If the motion is converted, the court must afford the parties a reasonable opportunity to present

4

additional pertinent materials. *Id.* However, the prohibition on considering matters outside the pleadings does not apply to documents expressly relied on in a complaint.[3] *See Lorenzo v. Rumsfeld*, 456 F.Supp.2d 731, 734 (E.D.Va.2006) (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir.1999)) ("[A] court can consider documents outside of the pleadings, without converting the motion to one for summary judgment, so long as the documents are integral to and explicitly relied on in the complaint."); *Davis v. George Mason Univ.*, 395 F.Supp.2d 331, 335 (E.D.Va.2005) (quoting *Gasner v. County Dinwiddie*, 162 F.R.D. 280, 282 (E.D.Va.1995)) ("In the Eastern District of Virginia, 'when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.' ").

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 545; *see id.* at 555 n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

---

[3] Here, the Court does not convert the motions and therefore does not consider any of the documents submitted by the parties in conjunction with the motions to dismiss under Rule 12(b)(6). The Court does, however, consider the EEOC charge form in conjunction with the motions to dismiss under Rule 12(b)(1). *Velasco*, 370 F.3d at 398 (stating that, in motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence outside the pleadings without converting it to a summary judgment motion).

### III. DISCUSSION

#### A. Parties' Arguments

##### i. SunTrust and the Individual Defendants' Motion

First, SunTrust Mortgage Inc. ("SunTrust"), challenges the existence of subject matter jurisdiction with respect to Count Two of Potter's Complaint on the grounds that Potter failed to exhaust his administrative remedies. Defs.' Mem. at 4-5. SunTrust asserts that Potter's Title VII retaliation claim, alleged in Count Two of the Complaint, should be dismissed against SunTrust because Potter failed to exhaust his administrative remedies as to such allegation. Arguing that Potter failed to exhaust his administrative remedies by failing to include the claim in his EEOC charge, SunTrust attached a copy of Potter's EEOC charge to the memorandum in support of their motion to dismiss.[4] SunTrust contends that the Court must only consider those allegations included in Potter's EEOC charge and, if Potter's claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, the Court must find outside claims procedurally barred. Defs.' Mem. at 5 (citing *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407-08 (4th Cir. 2013); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005); *Davis v. N.C. Dep't of Corrections*, 48 F.3d 134, 138-40 (4th Cir. 1995)). To support its position, SunTrust essentially argues that Potter's failure to: (1) affirmatively check the appropriate "Retaliation" box in the EEOC Charge and (2) allege any claims in the narrative pertaining to retaliation in the EEOC Charge demands the conclusion that Potter did not exhaust his administrative remedies. Defs.' Mem. at 4-5.

Potter disagrees and argues that failing to check the "Retaliation" box in the EEOC charge "does not invalidate" his assertion of retaliation against SunTrust. Plaintiff's Response to Defendants' Motion to Dismiss Plaintiffs' Original Complaint and Motion for Sanctions Against Defendant's Counsel ("Potter's Resp.") at 7. He argues, without support, that "the lack of a checked box on the EEOC charge form indicating a charge of retaliation against Defendants

---

[4] Potter does not dispute the authenticity of the EEOC charge and therefore the Court considers the attachment as an accurate copy of the EEOC charge.

Randstad and SunTrust is an administrative error at best, and does not undermine the validity . . . of [Potter's] claim." *Id.* at 7. He supports his argument only by stating that the Court can freely read into the administrative charges for allegations they do not contain. *Id.* Additionally, he argues that the motion to dismiss is untimely, even though he concedes that it was filed within 21 days of service of the Complaint. *Id.* at 2; *see also* Fed. R. Civ. P 12(a)(1)(A)(i) and 12(b).

Also, Potter moves the Court to enter sanctions (*see* ECF. Nos. 17, 18) against defendants' counsel, pursuant to Rule 11, on the basis that their partial motion to dismiss "fail[s] on ambiguity, and . . . [is] an example of instigated flailing." *Id.* at 5. Among many things, Potter argues that the motion is "superfluous" and contains "baseless arguments" as well as misrepresentations. *Id.*

Second, the individual defendants argue that the entire Complaint should be dismissed for failure to state a claim because individuals, who are not "employers," cannot be held liable for violations of Title VII. Id. at 6. They argue that the entire Complaint against them fails to state a claim upon which relief can be granted because there is no individual liability under Title VII. Defs.' Mem. at 6. Because Potter named individual people—in addition to naming SunTrust and Randstad as defendants—they argue that the Complaint must be dismissed in its entirety with prejudice. With controlling support, they argue that, pursuant to Title VII, only an "employer" can be liable for discriminatory or retaliatory conduct. *Id.* (citing 42 U.S.C. § 2000e-3(a)).

In his response, Potter merely argues that he has satisfied Rule 8 of the Federal Rules of Civil Procedure and additionally, as previously mentioned, contends that opposing counsel should be sanctioned for filing a "frivolous" and "ambiguous" motion to dismiss. Potter's Resp. at 5.

      ii. <u>Randstad's Motion</u>

Randstad asserts that the Title VII retaliation claim, alleged in Count Two of the Complaint, should be dismissed against Randstad because Potter failed to exhaust his administrative remedies. Randstad's motion mirrors SunTrust and the individual defendants' motion, literally, with regards to the arguments concerning Rule 12(b)(1). Potter did not respond to Randstad's motion.

**IV. ANALYSIS**

    *A. SunTrust and the Individual Defendants' Motion*

      i. <u>Timeliness</u>

Potter argues that the motion to dismiss is untimely, even though he concedes that it was filed within 21 days of service of the Complaint. Pl.'s Resp. at 2; see also Fed. R. Civ. P 12(a)(1)(A)(i) and 12(b). Here, the motion to dismiss was timely filed within 21 days of service of the Complaint, in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P 12(a)(1)(A)(i) and 12(b).

      ii. <u>Potter Failed to Meet his Burden of Establishing That This Court Has Subject Matter Jurisdiction Over the Title VII Retaliation Claim</u>

SunTrust moves the Court for an Order dismissing Count Two of Potter's Complaint with prejudice, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Potter failed to exhaust his administrative remedies with respect to his Title VII retaliation claim.

Despite Potter's unsupported contentions to the contrary, in determining what claims Potter properly alleged before the EEOC, the Court must look only to the charge filed with that agency. *See Balas*, 711 F.3d at 408 (cautioning that a court is "not at liberty to read into administrative charges allegations they do not contain."). Therefore, the Court must decline to consider allegations not included in Potter's EEOC Charge.

The Fourth Circuit has held that while "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit," "[a]n administrative charge of discrimination does not

strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisholm v. United States Postal Serv.,* 665 F.2d 482, 491 (4th Cir. 1981). In other words, "[i]f a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit." *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247-48 (4th Cir. 2000). In a lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge. *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962–63 (4th Cir.1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.")).

The question in the instant case is thus whether Potter's claim that he was retaliated against by "black supervisors" for "politely requesting that the Nigerian contractor . . . converse in English," Compl. at 11, is reasonably related to his EEOC charge such that it would have reasonably been expected to follow from an administrative investigation of that charge. The Court finds that it is not. Potter did not check the retaliation box on his charge form, and the narrative explaining his charge made no mention of retaliation. See Defs.' Mem. Ex. A ("The basis of my termination was considered politically incorrect to ask someone to speak English. More specifically, I politely asked three other consultants that were seated right next to me to kindly converse in English (as much as possible)."). Potter's charge states the he was discriminated against on the basis of his race because his employment was terminated after he was involved in an altercation that emerged when he told several of his Nigerian co-workers to converse in English. Potter's facts in the narrative contained in the EEOC charge do not establish that Potter's retaliation claim is reasonably related to his race discrimination claims and would have followed from an investigation of those claims. In this case, the narrative merely states that he was subjected to discrimination because of his race and his "Caucasian

9

ancestry." *Id.* Although Potter's narrative alleges that he, as a white man, was terminated for asking a "politically incorrect" question, it does not necessarily imply that his termination was motivated by a retaliatory impulse. In short, Potter's charge does not remotely allege facts that would have put his employer or the EEOC on notice that he was charging his employer with retaliation.

Because Potter failed to check the retaliation box on his charge form and the narrative explaining his charge does not describe a retaliation scenario, Potter failed to exhaust administrative remedies with respect to his Title VII retaliation claim. As such, the Court lacks subject matter jurisdiction as to Count Two of the Complaint.

Accordingly, the Court hereby GRANTS the motion to dismiss Count Two of Potter's Complaint (ECF. No. 10).

### iii. Potter Does Not Dispute Whether There Is Liability For Individuals Under Title VII

Pursuant to Rule 12(b)(6), the individual defendants move this Court for an Order dismissing Potter's entire Complaint against them for failure to state a claim upon which relief can be granted on the basis that individuals are not "employers" under Title VII and, thus, are not subject to liability under Title VII. *See, e.g.*, *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir.1998); *Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999).

The enforcement provision of Title VII permits actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C.A. § 2000e–5(b). The term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). The Fourth Circuit has "expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" *Lissau*, 159 F.3d at 180–81 (quoting 41 U.S.C. § 2000e(b)) (holding that supervisors cannot be held liable in their individual capacity under Title VII because they do not fit within the definition of an employer).

Here, Potter named SunTrust and Randstad as defendants in his Title VII action. But Potter also asserts that Reginald Ford, Linda Galipeau, Julie Hardy, Christine Miles, William Rogers, Margaret Slaughter, and Charmaine Surgeon ("individual defendants'") are liable for discriminatory conduct in violation of Title VII. See 42 U.S.C. § 2000e-3(a). Potter does not provide any legal analysis, nor does he allege facts, as to why this Court should not dismiss his Complaint against the individual defendants.

Because the individual defendants are not employees, Title VII cannot apply to them. Accordingly, the Court hereby GRANTS the motion to dismiss the Complaint against the individual defendants and hereby ORDERS that the Complaint is DISMISSED WITH PREJUDICE as to the individual defendants (ECF. No. 10).

### B. Randstad's Motion

Randstad also moves the Court to dismiss Count Two of Potter's Complaint because he failed to exhaust his administrative remedies. For the reasons discussed above regarding SunTrusts' motion to dismiss, the Court hereby GRANTS Randstad's motion to dismiss Count Two of Potter's Complaint (ECF. No. 25).

### C. Potter's Motion for Sanctions

Potter moves the Court to enter sanctions against defendants' counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure on the basis that their partial motion to dismiss "fail[s] on ambiguity, and . . . [is] an example of instigated flailing." Pl.'s Resp. at 5; see ECF. No. 18. Among many things, Potter argues that the motion is "superfluous" and contains "baseless arguments" as well as misrepresentations. Id. Potter provides no basis for the Court to impose sanctions. Clearly, the motions are sound and far from being baseless or frivolous. Therefore, the Court hereby DENIES Potter's motion for sanctions (ECF. No. 18).

### V. CONCLUSION

For aforementioned reasons, the Court GRANTS both Partial Motions to Dismiss filed by Randstad (ECF. No. 25) and SunTrust, Reginald Ford, Linda Galipeau, Julie Hardy, Christine

Miles, William Rogers, Margaret Slaughter, and Charmaine Surgeon ("individual defendants") (ECF No. 10). Potter's Motion for Sanctions (ECF. No. 18) is DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> Senior U. S. District Judge

ENTERED this ___23rd___ day of October 2014.