April 11, 2015



Eastern District Court of Virginia
Attention; Mrs. Hancock (Judge Spencer)
701 East Broad Street
Richmond, VA 23219

Re: 3:14-CV-436-JRS (Potter vs. SunTrust Bank, et al.)

Mrs. Hancock:

Per a discussion with you three weeks ago on the Pre-Trail Conference scheduled for April 23, 2015 at 9:05pm in Judge Spencer's chambers, the Defendant counsel is aware and does not oppose my non-appearance. During the discussion of the Joint Discovery Plan, both parties are in agreement with the general parameters. It should be noted however, that the original plan notated that the settlement offer from SunTrust and Randstad was $2,000. A week later, they increased that amount to $4,000.

Sincerely,

D. Sidney Potter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

D. SIDNEY POTTER, :
:
    Plaintiff, :
v. : CASE NUMBER: 3:14-CV-436-JRS
SUNTRUST BANK, RANDSTAD US, L.P., :
:
    Defendants. :

## PROPOSED JOINT DISCOVERY PLAN

Plaintiff D. Sidney Potter and Defendants Randstad US, L.P. and SunTrust Mortgage, Inc. (incorrectly identified in the Complaint as "SunTrust Bank") (collectively "Defendants") through undersigned counsel, submit the following Proposed Joint Discovery Plan.

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), a telephonic conference was held on March 31, 2015. The participants were Plaintiff, who is proceeding *pro se*, and Toni J. Read, counsel for Defendants.

In accordance with the agreements reached at this conference, the parties submit the following discovery parameters to the Court:

    (a)    The parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by April ___, 2015.

    (b)    The parties have conferred regarding the appropriate number of depositions. The parties believe that _____ depositions of non-party, non-expert witnesses each will be sufficient.

    (c)    The parties agree that interrogatories, requests for production of documents, requests for admissions, and notices of depositions must be served at least thirty

4850-6278-3010.1

(30) days prior to the discovery cutoff date in this case so as to allow each party to respond within the time provided by the Federal Rules of Civil Procedure.

(d) At this time, the parties are not aware of any issues relating to claims of privilege. To the extent such issues arise during the course of the discovery, the parties shall complete privilege logs and otherwise work together in an effort to resolve any disputes short of court intervention.

(e) At this time, the parties are not aware of any issues relating to the preservation of discoverable material.

(f) The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. Documents (including electronically-stored documents) that contain privileged or legal work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is

resolved. All other disputes regarding privilege shall be resolved pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

(g) The parties have agreed that with respect to expert witnesses, the proponent's expert designations related to the merits of the claims in the case shall be completed no later than 75 days prior to the trial date in this matter with any rebuttal designations being completed 50 days prior to the trial date in this matter. Depositions of all experts shall be completed no later than 14 days prior to trial.

(h) The parties will follow the Court's local rules and Orders and the Federal Rules of Civil Procedure in regard to all other issues of discovery not addressed by this discovery plan.

(i) <u>Electronic Discovery</u>: The parties do anticipate that electronically stored information will be relevant for discovery in this case. The parties agree to make good faith efforts to work cooperatively to resolve any issues that may arise in the future concerning the production of electronically stored information in some other format. Prior to producing any electronically stored information, the parties agree that they will submit an appropriate Stipulated Confidentiality and Protective Order. Plaintiff has requested that electronic discovery be produced in its native format.

(j) <u>Initial Order</u>: The parties have discussed settlement and Defendants have offered Plaintiff $2,000 to settle the case.

(k) <u>Consent to a Magistrate:</u> The parties do not consent to proceeding to trial before a Magistrate.

Respectfully submitted this 31st day of March, 2015.

_____
D. Sidney Potter
P.O. Box 287
Pasadena, CA 91102
Telephone: 818-771-7710
Facsimile: 818-924-0404
Email: dsidneypotter@potterequities.com

Plaintiff, *Pro Se*


*/s/ Toni J. Read*
Toni J. Read (admitted *pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, GA 30309
Telephone: 404-567-6589
Facsimile: 404-467-8845
Email: toni.read@lewisbrisbois.com

Nancy S. Lester
OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.
901 East Byrd Street, Suite 1300
Richmond, VA 23219
Telephone: 855-843-1808
Facsimile: 855-843-1809
Email: nancy.lester@ogletreedeakins.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2015, a true and exact copy of the foregoing **PROPOSED JOINT DISCOVERY PLAN** was electronically filed with the Clerk of the District Court and served upon the Plaintiff at the following address, by first-class mail, postage prepaid:

> D. Sidney Potter
> P.O. Box 287
> Pasadena, CA 91102
> Plaintiff, *Pro Se*
>
> */s/ Toni J. Read*
> Toni J. Read