IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| D. SIDNEY POTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:14-cv-436-JRS |
| ) | |
| SUNTRUST BANK and RANDSTAD US, L.P., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES FROM PLAINTIFF**

Defendants SunTrust Mortgage, Inc. (incorrectly identified in the Complaint as "SunTrust Bank") and Randstad US, L.P. (hereinafter collectively "Defendants"), by counsel, hereby file this Memorandum of Law in Support of their Motion to Compel Plaintiff's Fed. R. Civ. P. 26(a) Initial Disclosures and Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents.

## I.   PROCEDURAL HISTORY

Plaintiff, who is proceeding *pro se*, filed this employment discrimination action on June 17, 2014. (Docket Entry No. 1.). Plaintiff alleges that Defendants subjected him to reverse race discrimination.[1]

Following a Rule 26(f) conference held on March 31, 2015, the parties submitted a Proposed Discovery Plan containing a deadline of April 30, 2015 for the exchange of their Fed. R. Civ. P. 26(a)(1) Initial Disclosures (hereinafter "Initial Disclosures"). (Docket Entry No. 41).

---

[1] Defendants filed a motion to dismiss the individual defendants and a partial motion to dismiss the Complaint which the Court granted on October 23, 2014. (Docket Entry No. 33).

On April 30, 2015, the Court held a Pretrial Conference and issued its Scheduling And Pretrial Order ("Pretrial Order"). (Docket Entry No. 44.) The Pretrial Order established August 26, 2015 as the discovery deadline. (Id.)

On May 5, 2015, Defendants served Plaintiff with their First Set of Interrogatories and Request for Production of Documents. (See Declaration of Toni J. Read, attached hereto as Exhibit 1, at ¶ 2.) On May 12, 2015, defense counsel sent Plaintiff an e-mail advising him that the deadline to serve Initial Disclosures had expired on April 30 and requesting that he serve his Initial Disclosures by May 15. (Id. at ¶ 3.)

Plaintiff failed to respond to Defendants' written discovery requests by the deadline of June 7, 2015. On June 10, 2015, Defendants' counsel wrote to Plaintiff and informed him that the deadline to serve his responses to Defendants' written discovery had expired and directed him to provide full and complete responses to Defendants' discovery requests by June 16, 2015. (Id. at ¶ 4.) In this same letter, defense counsel reminded Plaintiff that the deadline for his Initial Disclosures expired on April 30 and directed him to serve his disclosures by June 16, 2015. (Id.)

To date, Plaintiff has not served his Initial Disclosures or provided any response to Defendants' First Set of Interrogatories and Requests for Production.

## II. ARGUMENT AND CITATION OF AUTHORITIES

Fed. R. Civ. P. 37 authorizes a party to file a motion to compel where a party fails to make initial disclosures or provide responses to written discovery. See Fed. R. Civ. P. 37(a)(3)(A) and (B). Pursuant to the parties' Discovery Plan regarding the exchange of Initial Disclosures, Plaintiff was required to provide Defendants with his Initial Disclosures on or by April 30, 2015. Moreover, pursuant to Fed. R. Civ. P. 33 and 34, Defendants properly

2

propounded interrogatories and requests for production of documents to Plaintiff on May 5, 2015.

To date, Plaintiff has failed to make the disclosures required by Rule 26(a) and failed to provide any response to Defendants' written discovery requests, despite defense counsel's attempts to meet and confer with Plaintiff about these issues. Accordingly, the Court should enter an Order compelling Plaintiff to serve Defendants with his Initial Disclosures and respond to Defendants' First Set of Interrogatories and Requests for Production of Documents.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order compelling Plaintiff to serve Defendants with his Initial Disclosures and full and complete responses to Defendant's First Set of Interrogatories and Requests for Production of Documents.

Respectfully submitted this 18th day of June, 2015.

**SUNTRUST MORTGAGE, INC. AND RANDSTAD US, L.P.**

By: */s/ Nancy S. Lester*
Nancy S. Lester (VSB No. 77283)
nancy.lester@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.
Riverfront Plaza, West Tower
901 E. Byrd Street, Suite 1300
Richmond, Virginia 23219
Phone: 804.663.2330
Fax:    804.225.8641

Toni J. Read (admitted *pro hac vice*)
Georgia Bar No. 140982
Toni.read@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30309
Phone: 404.567.6589
Fax:    404.467.8845
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18TH day of June, 2015, a true and exact copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL** was electronically filed with the Clerk of the District Court using the CM/ECF system, and served upon the Plaintiff at the following address, by first-class mail, postage prepaid:

>D. Sidney Potter
>P.O. Box 287
>Pasadena, CA 91102
>Phone: 818.771.7710
>Fax: 818.924.0404
>
>*Plaintiff, Pro Se*

>*/s/ Nancy S. Lester*
>Nancy S. Lester (VSB No. 77283)
>nancy.lester@ogletreedeakins.com
>OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.
>Riverfront Plaza, West Tower
>901 E. Byrd Street, Suite 1300
>Richmond, Virginia 23219
>Phone: 804.663.2330
>Fax:    804.225.8641
>
>***Attorneys for Defendants***

21545617.2