UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

D. SIDNEY POTTER,

                                  Plaintiff,

          v.

SUNTRUST BANK, *et al.*,                          Action No. 3:14-CV-436

                                  Defendants.

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion") filed on August 3, 2015.  ECF No. 52.  Plaintiff D. Sidney Potter ("Plaintiffs"), proceeding *pro se*, did not file a response.  For the reasons set forth below, Defendants' Motion will be GRANTED.  ECF No. 52.

Plaintiff, proceeding *pro se*, filed this employment discrimination action on June 17, 2014.  Plaintiff alleges that Defendants Randstad US, L.P. ("Randstad") and SunTrust Mortgage, Inc. (incorrectly identified in the Complaint as "SunTrust Bank") ("SunTrust") (collectively "Defendants") subjected him to reverse race discrimination.  Defendants filed a motion to dismiss the individual defendants and a partial motion to dismiss the Complaint, which the Court granted on October 23, 2014. ECF Nos. 32, 33.

On April 3, 2015, the parties submitted a Proposed Joint Discovery Plan containing a deadline of April 30, 2015 for the exchange of their Fed. R. Civ. P. 26(a)(1) Initial Disclosures. ECF No. 41, at 1. On April 30, 2015, the Court held a Pretrial Conference and issued its Scheduling and Jury Pretrial Order, which established August 26, 2015 as the discovery deadline. ECF No. 44, at 3.

On June 3, 2015, Defendants filed a Notice of Defendants' Attempts To Comply With Paragraphs 6 and 7 of the Court's Scheduling Order, after making several unsuccessful attempts to meet and confer with Plaintiff regarding written stipulations of uncontroverted facts and

potential settlement of the case, in accordance with the instructions and deadline in the Court's Scheduling Order.  Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Defs.' Mem.").

On June 18, 2015, Defendants filed a Motion to Compel Plaintiff's initial disclosures and responses to Defendants' written discovery ("Motion to Compel") after Plaintiff failed to respond to meet and confer communications from Defendants and produce his initial disclosures or responses to Defendants' written discovery requests by their deadlines of April 30 and June 7, 2015.  ECF No. 46.  Plaintiff did not file a response to Defendants' Motion to Compel.   On July 15, 2015, Plaintiff filed a "Motion to Reset Trial," in which he sought a 180-day extension of the trial date and all pretrial deadlines because "time constraint issues ma[de] it difficult for the Plaintiff to be responsive to some of the present deadlines."  ECF No. 49.  Although Plaintiff failed to meet and confer about settlement as required under the Scheduling Order, Plaintiff also represented that all remaining deadline needed to be extended so that the parties could continue "active settlement negotiations."  *Id.*

On July 17, 2015, the Court granted Defendant's Motion to Compel and ordered Plaintiff to immediately produce his initial disclosures and discovery responses.  ECF No. 50.  On July 20, 2015, defense counsel sent a copy of the Court's Order to Plaintiff via electronic mail and directed him to provide his initial discovery responses by July 23, 2013.  *See* Defs.' Mem. Ex. 1 ("Decl. of Toni J. Read") at ¶ 2.  On July 23, 2015, Plaintiff sent defense counsel an e-mail stating that due to his "busy schedule a delay in the proceedings would have to be accomplished."  *Id.* at Ex. A.  As of the date of the instant Motion, Plaintiff failed to produce his initial disclosures or discovery responses.  *Id.* at 4.

This Court has clear authority to dismiss a plaintiff's complaint in appropriate cases.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (observing that a court has authority to permanently "clear its calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").  Pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the

Federal Rules of Civil Procedure, a court may dismiss a plaintiff's claims in he fails to abide by the Federal Rules of Civil Procedure or any court order.  Such a dismissal is within the sound discretion of the court.  *Anderson v. Found for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998).  In considering whether to impose sanctions pursuant to Rule 37, the court must consider four factors:  (1) the degree of the non-complying party's bad faith; (2) the prejudice suffered by the other party as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction; and (4) the efficacy of a less drastic sanction.  *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).  A virtually identical test applies to dismissal pursuant to Rule 41, whereby a court must consider: (1) the degree of the plaintiff's personal responsibility for the failure to comply; (2) the prejudice caused to the defendant; (3) the plaintiff's history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction.  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *see also* C*latterbuck v. Charlottesville*, 3:11CV00043, 2013 WL 4929519, at *3 (W.D.Va. Sept.12, 2013) ("The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41.").

Addressing the first of the four aforementioned factors, Defendants first argue that Plaintiff alone is responsible for his dilatory conduct and failure to prosecute his case.  They assert that he solely is responsible for failing to take the initiative in the litigation since he is proceeding *pro se*.  Specifically, Defendants assert that Plaintiff failed to conform to the Federal Rules of Civil Procedure, abide by the orders of this Court, or otherwise take any action to prosecute his case in the thirteen (13) months that it has been on this Court's docket.  Defendants argue that Plaintiff "has filed at least one other lawsuit involving similar allegations and appears to have a history of deliberately frustrating defense efforts to prepare for trial."  Def.'s Mem. at 6.  As to his failure to obey the Court's discovery order, Defendants represent that Plaintiff has not offered any excuse for his conduct and appears to have no intention of complying.  According to Defendants, Plaintiff is entirely responsible for his own efforts to

thwart Defendants' discovery efforts.  That Plaintiff is proceeding *pro se* does not relieve him of his duty to abide by the rule and orders of the Court, says Defendants.

Turning to the prejudice suffered by the other party as a result of the failure to comply component of the analysis, Defendants argue that Plaintiff's deliberate behavior prejudices Defendants and warrants dismissal of his complaints.  To support their position, Defendants assert the following:  (1) the discovery period and dispositive motion deadlines in this case are less than a month away, yet Plaintiff still refuses to produce his Initial Disclosures and  (2) Plaintiffs refused to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents that were served on him several months ago.  *Id.* at 7.  As such, Defendants were unable to prepare their defense by issuing subpoenas for documents, interviewing witnesses, scheduling depositions, and identifying expert witnesses.

Additionally, Defendants argue that the need for deterrence of conduct like that demonstrated by Plaintiff is significant.  Indeed, Defendant argues, "[a]ny litigant's disregard for court orders that require disclosure of information directly related to claims and damages is behavior that must be deterred."  *Id.* (citing *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d 88, 93 (4th Cir. 1989) (upholding the district court's finding that similar tactics by a party "must obviously be deterred").  Specifically, Defendants argue that Plaintiff fails to conform to the Federal Rules of Civil Procedure and abide by the order of the court and, as such, his behavior warrants deterrence regardless of his *pro se* status.  *See id.* (citing *Ballard*, 882 F.2d at 96 (dismissing pro se plaintiff's complaint with prejudice and noting that the Court has "little alternative to dismissal," for "[a]ny other course would [] place[] the credibility of the court in doubt and invite[] abuse."); *Zaczek v. Fauquier Cnty*, 764 F. Supp. 1071, 1077 (E.D. Va. 1991) ("[p]ro se litigants are not immune from any sanction by virtue of their status alone. . . . There is . . . no doubt that pro se litigants are subject to any and all appropriate sanctions for their misconduct.")).  Defendants argue that Plaintiff has failed to produce his initial disclosures by the April 30, 2015 deadline.  *Id.* at 8.  They also argue that Defendants' counsel' repeated

requests that he provide them with this information and still has not produced it to date.  *Id.* Likewise, Plaintiff did not respond to any of defense counsel's efforts to obtain his discovery responses and he did not oppose Defendants' Motion to Compel.  *Id.*  Most significantly, since filing his Complaint over 13 months ago, Plaintiff failed to propound any written discovery by the Court-ordered deadline and he has not filed any documents that would move his case towards a conclusion on the merits.  *Id.*   These are only a few examples of the alleged dilatory conduct. According to Defendants, "Plaintiff's well-documented history of proceeding in a dilatory fashion is in bad faith and weights in favor of dismissing his Complaint.*" Id.* at 9.

Finally, Defendants argue that dismissal is the only sanction which will deter Plaintiff's disregard for the authority of the Court and the Federal Rules of Civil Procedure.  Dismissal will "send 'the unmistakable message to [Plaintiff] and others that the judicial system will not tolerate repeated misconduct.'"  *Id.* at 10 (quoting *Mut. Fed. Sav. & Loan Assn.*, 872 F.2d at 93). Plaintiff is proceeding *in forma pauperis*; therefore, Defendant's assert that imposing a monetary penalty against him is not feasible and has no value as a deterrent.  *Id.* at 11. Similarly, Defendants argue, precluding Plaintiff from introducing evidence that he was required to disclose in his initial disclosures or in response to discovery requests is not a feasible sanction because he failed to produce any initial disclosures or any discovery responses.  *Id.*

As Defendants argue, Plaintiff has not been diligent in prosecuting this case.  In fact, he even failed to file a response to the instant Motion.

As to the first factor, in the present case, Plaintiff is proceeding *pro se* so he is entirely responsible for his actions.  It is solely through Plaintiff's neglect, not that of any attorney, that no responses have been filed.  Plaintiff's correspondence to Defendants and his filings with this Court have been ambivalent at best and demonstrate no regard for the Federal Rules of Civil Procedure or the authority of the Court.   For example, even after this Court ordered Plaintiff to produce his initial disclosures and discovery responses forthwith on July 17, 2015, ECF No. 50, Plaintiff still has not provided such responses.  Furthermore, Plaintiff has tendered no reason

why his discovery responses and initial disclosures have not been produced in the intervening months since they were due other than to flippantly assert that he is "exceptionally busy." Additionally, Plaintiff failed to meet and confer with Defendants about proposed factual stipulations or potential settlement by the deadline established in the Court's Pretrial Order. See ECF No. 45.  Finally, Defendants assert that contrary to Plaintiff's affirmation, the parties are not engaged in settlement negotiations.  Defs.' Mem. at 3.

The second factor is decided in Defendant's favor.  Defendant is certainly prejudiced by Plaintiff's failure to produce his Initial Disclosures and respond to Defendant's First Set of Interrogatories and Requests for Production of Documents that were served on him several months ago.

As to the third factor, Plaintiff has a history of dilatory conduct in this case.  For example, as Defendants point out, he failed to produce his initial disclosures by the April 30, 2015 deadline.  Plaintiff also ignored Defendants' counsel' repeated requests that he provide them with this information and still has not produced it to date.  Likewise, Plaintiff did not respond to any of defense counsel's efforts to obtain his discovery responses and he did not oppose Defendants' Motion to Compel.

Finally, as to the fourth factor, this Court considers the availability of less drastic sanctions.  Based on the aforementioned examples demonstrating Plaintiff's long history of delay and refusal to take initiative in the litigation, the Court concludes that Plaintiff has abandoned this lawsuit.  No other reasonable sanctions are available.

A review of the record indicates that the Plaintiff's Complaint should be dismissed for failure to prosecute.  As such, the Court will GRANT Defendants' Motion.  ECF No. 52. Accordingly, Defendants' Motion to Extend the Discovery and Dispositive Motion Deadlines is hereby DENIED AS MOOT.  ECF No. 57.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Potter.  An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___31st___ day of August 2015.